IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST ) <br> COMPANY, AS TRUSTEE FOR ) <br> AMERIQUEST MORTGAGE ) <br> SECURITIES, INC., ASSET-BACKED ) <br> PASS THROUGH CERTIFICATES, ) <br> SERIES 2005 R-1, UNDER THE ) <br> POOLING AND SERVICING ) <br> AGREEMENT ) <br> DATED FEBRUARY 1, 2005 ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JACQUELINE BOSLEY A/K/A ) <br> JACQUELINE CATHERINE GOODSON, ) <br> TABITHA VANHOUSEN A/K/A ) <br> TABITHA ANN BOSLEY VANHOUSEN, ) <br> BENEFICIAL MORTGAGE CO. ) <br> OF GEORGIA ) <br> ) <br> Defendants. ) | CIVIL ACTION FILE <br> NO 4:18-cv-00086-CDL |

## **FINAL JUDGMENT**

Plaintiff filed a Complaint [Doc 1] and a Motion [Doc 16] for entry of this Order. Having considered the Motion and the record, the Court finds that a hearing is not required and this Order is entered as follows.

Under 28 U.S.C. § 1332, jurisdiction exists between Plaintiff, a citizen of New York, Defendant Jacqueline Bosley, a citizen of Georgia, Defendant Tabitha

Vanhousen, a citizen of Alabama, and Defendant Beneficial Mortgage Co., a citizen of Illinois. The value of the real property and/or the debt at issue exceeds the principal sum of $75, 000.00. The real property at issue in this case is described as:

> All that lot, tract and parcel of land situate, lying and being in Columbus, Muscogee County and State of Georgia, being known and designated as all of Lot Numbered Thirty (30) in Block Lettered "Q" Re-plat of Lots 1 and 2, Block "Q" Victory Heights, as said lot is shown upon a Map or Plat of said subdivision dated April 29, 2980, made by Moon, Meeks & Patricks, Inc., and recorded in Plat Book 75, folio 26 in the office of the Clerk of Superior Court of Muscogee County, Georgia to which reference is made for the particular location and dimensions of said lot.

The property is more commonly known by its address of: 7744 Aurora Drive, Columbus, GA 31909-1602 ("Property").

On January 23, 1985, Barbara Fields, in whom title was vested, executed a Warranty Deed, conveying the Property to Randy C. Bosley ("Mr. Bosley") and Mary A. Bosley, recorded February 6, 1985, in Deed Book 2416, Page 96, Muscogee County, Georgia records ("Warranty Deed"). On December 10, 1998, Mary Bosley executed a Quitclaim Deed conveying her interest in the property to Mr. Bosley, recorded December 10, 1998, in Deed Book 5138, Page 305, Muscogee County, Georgia records ("Quitclaim Deed").

Mr. Bosley executed a Promissory Note on January 20, 2005, to Ameriquest Mortgage Co. ("Ameriquest") for the principal sum of $75,163.00 ("Note"). On

January 20, 2005, Mr. Bosley executed a Security Deed to Ameriquest conveying the Property as collateral for the Note, recorded on January 28, 2005, in Deed Book 7756, Page 326, Muscogee County, Georgia records ("Senior Security Deed").

On November 11, 2008, Randy C. Bosley executed another Security Deed to Defendant Beneficial encumbering the Property as collateral for a separate note in the principal sum of $26,057.56, and recorded on November 17, 2008, in Deed Book 09532, Page 64, Muscogee County, Georgia Records ("Junior Security Deed").

On January 20, 2009, Citi Residential Lending, Attorney in Fact for Ameriquest, executed an assignment of the Senior Security Deed to Plaintiff, which was recorded on February 12, 2009, in Deed Book 09604, Page 174, Muscogee County, Georgia records ("Assignment"). Mr. Bosley breached Plaintiff's Note and Security Deed, still in effect, by failing to make loan payments and/or not fulfilling other obligations under them, and was in default.

Mr. Bosley died intestate on September 14, 2015. His estate was never probated in any Court. He is survived by his spouse and daughter, Defendants Jacqueline Bosley and Tabitha Vanhousen. Upon Mr. Bosley's death, all interest, equity, or claim he had in the Property vested in his spouse and daughter, subject to the Security Deed.

Plaintiff filed suit [Doc. 1] and summons were issued [Doc. 3-5], which were served on Defendants [Doc. 7-9]. Default as to all Defendants was entered on October 9, 2018.

1. Per Count I of the Complaint, the Court declares and establishes Plaintiff holds the senior interest in the Property, its fixtures, appurtenances, rents, contents and insurance, for the principal due on its Note/Senior Security Deed, plus interest, charges, expenses, costs and fees, taxes and abstracting, which are judicially foreclosed against the Property, in which all other claims and interests are inferior, subordinate, barred, foreclosed and quieted to all right, title, interest and equity of redemption.

2. If the Property is purchased at sale by a third party bidder, detailed below, then the Junior Security Deed of Beneficial Mortgage Co. will be satisfied by any surplus funds remaining after satisfaction of Plaintiff's debt, with the remainder of any such surplus funds payable to the individual Defendants, to be determined through a separate interpleader action. Otherwise, Beneficial Mortgage Co., retains the right to seek payment for any unpaid debt owed to it if not satisfied by a purchase by a third-party bidder at a sale of the Property under this order.

3. Under Fed. R. Civ. P. 53, the law firm of Reginald Hudespeth, LLC and/or its designee, is appointed as Special Master to and authorized to sell the

Property, its improvements, buildings, fixtures and appurtenances at the Muscogee County Courthouse at the usual hour and location for public sale, per 28 U.S.C. § 2001 and applicable law, after advertisement of the sale, once per week for 4 weeks before the sale, in a newspaper regularly issued and of general circulation in that county, without right of redemption.

4. Under U.S.C. § 564 and 566, the, the Special Master may exercise the same powers to conduct the sale as any local official or party conducting foreclosure sales, to yield the best sale price of the Property through free, fair and competitive bidding.

5. Plaintiff may bid the credit due on its debt, without payment of cash. At the time of sale, any third-party bidder (s) will tender a successful bid in cash, cashier's check or certified check, payable to Plaintiff. If a third-party bidder defaults on this or any other condition of sale, then the payment is forfeited and shall be applied to expenses of sale. The Property may then be re-offered for sale or sold to a second highest bidder at Plaintiff's discretion.

6. If Plaintiff is the purchaser, the Special Master will credit on Plaintiff's bid the total sums due to Plaintiff, or such portion necessary to pay Plaintiff's bid. If not the purchaser, Plaintiff will advance all subsequent costs of this action, for which it will be reimbursed by the Special Master. After completion of the sale, the Special

Master will execute a Report of Sale, for filing with the Clerk of Court, subject to confirmation by the Court. Upon entry of the confirmation order, the sale proceeds will be applied to Plaintiff's costs and disbursements of this action, expenses of sale, including documentary stamps affixed to the order if applicable, the total sum due to Plaintiff less the items paid, plus interest at the rate prescribed by state law from this date to the sale date.

7. Upon motion following the sale, the Court shall enter an order confirming the sale of the Property, conveying title to the purchaser at sale, which shall be filed and recorded in the local land registry office, with the same legal effect as a Deed Under Power or other conveyance of title under Georgia law or the Special Master may execute a Deed for recordation with the same such effect. Plaintiff may assign the Order and/or credit bid by executing an assignment prior to issuance of an order confirming the sale of the Property, without further order of the Court.

8. A successful third-party bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps and land registry fees and like costs, as provided by law. Upon entry of the confirmation order, the sale proceeds will be applied to Plaintiff's costs and disbursements of this action, expenses of sale, including documentary stamps affixed to the order if applicable, the total sum due

to Plaintiff less the items paid, plus interest at the rate prescribed by state law from this date to the sale date.

9. Per Count II of the Complaint, following entry of the confirmation order, Plaintiff or any purchaser at sale is granted possession of the Property as set forth in the Order. All parties, occupants, entities and others will vacate the Property following the sale. The Marshall and/or local law enforcement officers, their deputies and agents are ordered to take any action to remove any anyone and their belongings from the Property, with whom Plaintiff or other purchaser at sale may coordinate to take all actions necessary to effectuate. Refusal or failure to vacate the property is punishable by contempt of Court.

10. All parties, occupants, entities and others will take all reasonable steps necessary to preserve the Property in its current condition, who will not commit waste, damage or vandalism against the Property or do anything to impair or reduce its value or marketability, including but not limited to recording any instruments, publishing any notice, or taking any other action tending to adversely affect the value of the Property or tending to deter or discourage potential bidders from participating in the sale and shall not cause or permit anyone else to do so, violation of which is punishable by contempt of Court. Any personal property remaining in the Property

is deemed forfeited and abandoned; which Plaintiff or any other purchaser may dispose of in any manner.

**SO ORDERED** this 18th day of December, 2018.

S/Clay D. Land
The Honorable Clay D. Land
Judge, United States District Court,
Middle District of Georgia, Columbus Division

Prepared and respectfully submitted by:

/s/ Elizabeth Blair Weatherly
Elizabeth Blair Weatherly
Georgia Bar No. 672518
Ryan Starks
Georgia Bar No. 676512
11675 Great Oaks Way, Suite 375
Alpharetta, Georgia 30022
(770) 393-4300 (Telephone)
(770) 393-4310 (Facsimile)
Blair.Weatherly@phelanhallinan.com
Ryan.Starks@phelanhallinan.com
*Attorneys for Plaintiff*